UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 22-281 JGB (SHKx) | Date | October 25, 2022 |
| Title | Hwan Kim v. Jose Manuel Vergara, et al. | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **Order to Show Cause (IN CHAMBERS)**

On February 14, 2022, Plaintiff filed his Complaint. ("Complaint," Dkt. No. 1.) On February 17, 2022, the Court ordered Plaintiff to show cause why the Court should exercise supplemental jurisdiction over his Unruh Act claim. (See "OSC," Dkt. No. 9.) Plaintiff responded on February 23, 2022. ("OSC Response," Dkt. No. 10.) On October 5, 2022, the Court issued an Order declining supplemental jurisdiction over Plaintiff's state law claims and dismissing them without prejudice to filing in state court. ("Order," Dkt. No. 12.)

Since February 14, 2022, there has been virtually no activity in this case. Rule 41(b) of the Federal Rules of Civil Procedure grants the Court authority to *sua sponte* dismiss actions for failure to prosecute or failure to comply with court orders. See Fed. R. Civ. P. 41(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016). A plaintiff must prosecute her case with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b). Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976). Here, it appears that Plaintiff may have failed to prosecute his case with reasonable diligence because the case has been largely dormant for 8 months.

Additionally, absent a showing of good cause, an action must be dismissed without prejudice if the summons and complaint are not served on a defendant within 90 days after the complaint is filed. Fed. R. Civ. Proc. 4(m). Generally, defendants must answer the complaint within 21 days after service (60 days if the defendant is the United States). Fed R. Civ. Proc. 12(a)(1). In the present case, it appears that one or more of these time periods has not been met.

      Accordingly, the Court orders Plaintiffs to show cause in writing no later than **November 7, 2022**, why this action should not be dismissed for failure to prosecute. On or before that date, Plaintiff must also indicate whether he intends to proceed with this action in federal court despite the dismissal of his state law claims or whether he will voluntarily dismiss the case.

      **IT IS SO ORDERED.**